IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01208-REB-MJW

EMI VIRGIN MUSIC, INC., *et al.*,

Plaintiffs,

v.

STORMY MONDAY, LLC, *et al.*,

Defendants.

---

**ORDER TO SHOW CAUSE**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn on June 9, 2008. (Docket No. 4).

In an Order Setting Scheduling/Planning Conference issued on June 18, 2008 (Docket No. 5), a Rule 16 Scheduling/Planning Conference was set for August 5, 2008, at 9:30 a.m. The day before that hearing, however, plaintiffs' counsel and pro se defendant David Barnett telephoned the court to advise that Mr. Barnett was having car problems out of state and would be unable to appear for the conference the next morning. Therefore, the court reset the conference for August 12, 2008, at 8:00 a.m. Both plaintiffs' counsel and Mr. Barnett were advised of this new date and time during that telephone call and in a subsequent Minute Order issued immediately following the call (Docket No. 11). Nevertheless, neither Mr. Barnett nor counsel for either defendant

appeared as directed. The court attempted to reach Mr. Barnett by telephone, and Mr. Barnett returned the call just prior to the completion of the Rule 16 Conference. No appearance was made on behalf of defendant Stormy Monday, LLC.

The Tenth Circuit has a "long-standing rule that a corporation must be represented by an attorney to appear in federal court." Tal v. Hogan, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006).

Rule 16(f) of the Federal Rules of Civil Procedure provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) **rendering a default judgment against the disobedient party**; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred

because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**ORDERED** that on **October 8, 2008, at 3:00 p.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, a Show Cause Hearing will be held during which counsel for defendant Stormy Monday, LLC, shall appear and show cause why sanctions should not be imposed for failure to appear at the Rule 16 Scheduling Conference, including entry of a default, pursuant to Fed. R. Civ. P. 16(f) and Rule 37(b)(2)(A).

Dated: August 12, 2008  s/ Michael J. Watanabe
Denver, Colorado  Michael J. Watanabe
United States Magistrate Judge