IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01208-REB-MJW

EMI VIRGIN MUSIC, INC.,
ELLIOTT WOLFF MUSIC,
VIVA LA CUCARACHA MUSIC,
RENFIELD MUSIC PUBLISHING, INC.,
J. ALBERT & SON (USA) INC., and
EMI FULL KEEL MUSIC CO.,

Plaintiffs,

v.

STORMY MONDAY, LLC, and
DAVID T. BARNETT,

Defendants.

_____

**FINAL JUDGMENT ON CONSENT**
_____

The matter before the Court is the Plaintiffs' "Unopposed Motion For Entry of Consent Judgment" [#22] filed November 17, 2008. The court grants the motion.

Whereas the Complaint in the above-captioned action was filed on June 6, 2008, and the Defendants, Stormy Monday, LLC and David T. Barnett (collectively "Defendants"), were each properly served with the Summons and Complaint.

Now, therefore, the parties having agreed that the Court may find: (1) that Plaintiffs were, on the dates alleged on Schedule A to the complaint, the respective owners of valid copyrights in the five songs listed on Schedule A to the complaint; (2) that Plaintiffs' songs were performed publicly at Defendants' establishment known as Hair of the Dog, located at 7400 West 120th Avenue, in Broomfield, Colorado (the "Establishment") on February 14-15, 2008,

without permission of the Plaintiffs or license from their performing rights licensing organization, the American Society of Composers, Authors and Publishers ("ASCAP") (collectively, the "Infringing Activity"); (3) that at all relevant times, Stormy Monday, LLC owned and operated the Establishment in Broomfield, Colorado; (4) that at all relevant times, Defendant David T. Barnett (i) was the managing member of Stormy Monday, LLC, (ii) had the right and ability to supervise the Infringing Activity, (iii) and had a direct financial interest derived from the Infringing Activity; (5) that such performances of Plaintiffs' songs were infringements of Plaintiffs' copyrights; and (6) that there is a danger that such infringing conduct will continue thereby causing irreparable injury to Plaintiffs for which damages cannot be accurately computed, and necessitating the granting of injunctive relief against Defendants' continued infringing conduct.

The Court having hereby adopted the foregoing findings and the parties having further agreed that the Court may enter judgment on the foregoing findings, it is therefore

**ORDERED, ADJUDGED, AND DECREED:**

1. Defendants are jointly and severally enjoined and restrained permanently from publicly performing any and all of the copyrighted musical compositions in the ASCAP repertory at the Establishment and from causing or permitting copyrighted musical compositions in the ASCAP repertory to be publicly performed at the Establishment, or any other facility owned and controlled by Defendants, and from aiding and abetting public performances of such compositions, unless defendants shall have previously obtained permission to give such performances either directly from the copyright owners or by license with ASCAP.

2. Defendants have entered into a contract for the sale of the Establishment and its liquor license. Said sale of the Establishment and its liquor license is scheduled to occur on November 20, 2008 (the "Closing Date").

3. Plaintiffs shall recover of and from Defendants damages in the amount of $7,000 (the "Judgment Amount") provided, however, that the judgment may be satisfied upon the payment of $4,500 (the "Settlement Amount") on or before the Closing Date if the sale referenced in paragraph 2 occurs. If the sale does not go through, then payment of the Settlement Amount shall be made in accordance with the payment schedule set forth below:

| Due Date | Payment |
| --- | --- |
| November 20, 2008 | $600.00 |
| December 20, 2008 | $600.00 |
| January 20, 2009 | $412.50 |
| February 20, 2009 | $412.50 |
| March 20, 2009 | $412.50 |
| April 20, 2009 | $412.50 |
| May 20, 2009 | $412.50 |

| | |
|:---:|:---:|
| June 20, 2009 | $412.50 |
| July 20, 2009 | $412.50 |
| August 20, 2009 | $412.50 |

4. All payments to be made by Defendants pursuant to paragraph 3 above shall be delivered so that they arrive no later than the due dates set forth in paragraph 3 above. All payments shall be made out to the Association of Composers, Authors, and Publishers and shall be delivered to Conor Farley, Esq. at Holland & Hart, P.O. Box 8749, 555 Seventeenth St., Suite 3200, Denver, CO 80201-9749.

5. Contemporaneously with the execution of this Consent Judgment, ASCAP shall offer, and Defendants shall accept and execute, an ASCAP General License Agreement for the Establishment for the term commencing March 1, 2008 at the current annual rate of $1,183.35 (the "License Agreement") and for each subsequent year at the then applicable rate provided that Defendants own and/or operate the Establishment in whole or in part and music is publicly performed at the Establishment. Defendants agree that they will comply with all of the terms and conditions of such License Agreement, including the timely payment of any and all license fees due thereunder. The 2008 license fee for the Establishment is included in the Settlement Amount; license fees for periods beginning March 1, 2009 are separately payable as provided in the ASCAP License provided that Defendants own and/or operate the Establishment in whole or in part and music is publicly performed at the Establishment.

6. Upon timely receipt of the amount owed pursuant to paragraphs 3 and 4, above, (a) Defendants shall be deemed to have paid to ASCAP all license fees owed for the Establishment through December 31, 2008, and an additional sum representing damages and legal expenses incurred by ASCAP on behalf of the Plaintiffs in the prosecution of this action; provided that in no event or circumstance shall ASCAP owe any reimbursement of, or be obligated to return, any portion of the Settlement Amount; and (b) Plaintiffs shall thereupon cause to be filed a satisfaction of this Consent Judgment.

7. In the event that Defendants shall default in making the payment provided for in paragraphs 3, 4, and 5 above; or in the event that any of Defendants' check tendered in payment of the Settlement Amount is dishonored by Defendants' bank for any reason (including, but not limited to, insufficient funds); or in the event that Defendants' file for bankruptcy; or in the event Defendants fail to comply with their obligations under this Consent Judgment; or in the event that Defendants fail to give notice to ASCAP as required by paragraph 8 below; then on ten (10) calendar days notice of such default or other event, and provided such default is not cured within the ten-day period, the Judgment Amount, plus statutory interest accruing from the date of entry of this Consent Judgment, less any payments made by Defendants in partial satisfaction of this judgment, shall become due; and Plaintiffs may pursue all remedies provided by law to collect such amount then owed.

8. In the event that the sale of the Establishment noted in paragraph 2 above does not go through, and thereafter either or both of said Defendants shall enter into or execute a contract for the sale, transfer, or assignment of the Establishment, or its liquor license, during the term of this consent judgment, said Defendant or Defendants shall within ten (10) calendar days

of executing or entering into such contract(s) give notice to ASCAP of said pending contract(s) and shall, in advance of such sale, transfer or assignment, cause arrangements to be made for the payment of any balance then owed pursuant to the terms of this Consent Judgment not later than the closing of such sale, transfer or assignment. To the extent Defendants (either collectively or individually) are currently operating any other establishment(s) that is/are publicly performing music without a license from ASCAP, Defendants shall promptly notify ASCAP and obtain a license or licenses with ASCAP.

9. Any notice required by Paragraph 8 above shall be sent to ASCAP, by regular first class mail, at its office at 2675 Paces Ferry Road, SE, Suite 350, Atlanta, GA 30339, Attention: Doug Jones, with a courtesy copy to its attorneys, James E. Hartley, Esq. and Conor F. Farley, Esq. of Holland & Hart, P.O. Box 8749, 555 Seventeenth St., Suite 3200, Denver, CO 80201-9749. Any notice required by Paragraph 7 above shall be sent to defendants, by regular first class mail or overnight delivery service, addressed as follows: 11568 Depew Ct., Westminster, CO 80020.

10. The clerk of the court shall enter judgment accordingly.

Dated December 10, 2008, at Denver, Colorado

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**

                                        **Robert E. Blackburn**

                                        **United States District Judge**

Dated: November 17, 2008

| | |
|---|---|
| **HOLLAND & HART LLP**<br><br>By: _s/Conor F. Farley_<br>  Conor F. Farley<br>  HOLLAND & HART LLP<br>  555 Seventeenth Street, Suite 3200<br>  Post Office Box 8749<br>  Denver, Colorado  80201-8749<br>  (303) 295-8000<br>  cfarley@hollandhart.com<br><br>**ATTORNEY FOR PLAINTIFFS** | **STORMY MONDAY, LLC**<br><br>By: _s/David T. Barnett_<br><br>Print Name:  David T. Barnett<br><br>Date:  November 17, 2008 |
| **DAVID T. BARNETT**<br><br>_s/David T. Barnett_<br>David T. Barnett, Individually<br><br>Date:  November 17, 2008 | |